UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EVOLUTIONARY INTELLIGENCE, LLC,

  Plaintiff,

v.

LIVINGSOCIAL, INC.,

  Defendant.

Case No. 13-cv-04205-WHO

**ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING *INTER PARTES* REVIEW**

Re: Dkt. Nos. 82, 90

## INTRODUCTION

Defendant LivingSocial, Inc. has moved to stay this patent infringement action pending *inter partes* review of the claims asserted against it. Dkt. No. 82. Plaintiff Evolutionary Intelligence, LLC has opposed the motion. Dkt. No. 90-4 at 1.[1] For the reasons stated below, the motion is GRANTED.

## BACKGROUND

Evolutionary Intelligence sued LivingSocial in the Eastern District of Texas in October 2012, alleging infringement of Evolutionary Intelligence's '536 and '682 patents. Dkt. No. 1. Evolutionary Intelligence also filed patent infringement actions against Apple, Facebook, Foursquare Labs, Groupon, Millennial Media, Sprint Nextel, Twitter, and Yelp alleging infringement of the same patents. In July 2013, the Eastern District of Texas granted LivingSocial's motion to transfer the action against it to this Court. The actions against Apple, Facebook, Foursquare Labs, Groupon, Millennial Media, Sprint Nextel, Twitter, and Yelp have

---

[1] Evolutionary Intelligence filed a motion to seal in connection with its opposition to the motion to stay. Dkt. No. 90. For good cause shown, the motion to seal is GRANTED.

1   also been transferred to the Northern District of California

2   In October 2013, Facebook, Yelp, Twitter, and Apple filed petitions for *inter partes* review
3   of all the claims asserted in this action against LivingSocial. Dkt. No. 82-2. Evolutionary
4   Intelligence must respond to the petitions by January 23, 2014.[2]

5   LivingSocial has moved to stay this action pending a final decision by the PTO on the
6   petitions for *inter partes* review. LivingSocial argues that a stay is appropriate because i) this
7   action "is in its infancy:" only limited discovery has occurred and no pretrial schedule has been
8   set; ii) the *inter partes* review will simplify the issues for trial because the asserted claims will be
9   cancelled, amended, or clarified by the PTO; and iii) a stay will not prejudice the plaintiff because
10  the plaintiff is a non-practicing entity seeking monetary damages only.

## LEGAL STANDARD

12  "Courts have inherent power to manage their dockets and stay proceedings, including the
13  authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg,* 849
14  F.2d 1422, 1426–27 (Fed. Cir.1988) (citations omitted). Though a stay is never required, it may
15  be "particularly justified where the outcome of the reexamination would be likely to assist the
16  court in determining patent validity and, if the claims were canceled in the reexamination, would
17  eliminate the need to try the infringement issue." *In re Cygnus Telecomms. Tech., LLC, Patent*
18  *Litig.,* 385 F.Supp.2d 1022, 1023 (N.D. Cal. 2005).

19  In determining whether to grant a stay pending reexamination, courts consider: (1) the
20  stage and history of the litigation; (2) whether a stay would simplify the issues in question and trial
21  of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage
22  to the non-moving party. *Id.* at 1023.

## DISCUSSION

24  The Court finds that all the relevant considerations favor a stay: this action is at an early
25  stage, a stay would simplify the issues in question, and a stay would not unduly prejudice

---

[2] Judges Ryu, Alsup and Chesney have granted motions to stay pending *inter partes* review in Evolutionary Intelligence's actions against Yelp (2013 WL 6672451), Apple (2014 WL 93954, Dkt. No. 93-1) and Foursquare (Dkt. No. 95-1). Motions to stay in the other actions are pending.

United States District Court
Northern District of California

Evolutionary Intelligence.

### A. The early stage of this action favors a stay

Only limited discovery has occurred in this case. No pretrial dates have been scheduled and no claim construction or other substantive briefs have been filed or scheduled. The early stage of this action accordingly favors a stay. *See, e.g., Evolutionary Intelligence LLC v. Yelp Inc.*, 13-cv-03587 DMR, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) (granting stay where "only limited discovery has occurred, most of it restricted to the issue of venue; no trial date or discovery deadline has been set and only limited pretrial dates have been set; . . . the court has not substantially intervened in the action such as by conducting a *Markman* hearing or issuing a claim construction order").

### B. A stay would simplify the issues in question

Evolutionary Intelligence does not dispute that all the claims asserted in this action are subject of the pending *inter partes* review petitions. Rather, Evolutionary Intelligence argues that a stay would not simplify the issues in question because "in most cases, patents survive PTO proceedings with at least some of the patent claims in their original form." Dkt. No. 90-4 at 19. Evolutionary Intelligence's argument is beside the point. This case will be simplified if the PTO narrows or cancels *any* of the asserted claims, even if other claims remain in their original form.

Evolutionary Intelligence's argument that a stay will not narrow issues because the PTO will not consider infringement and claim construction is also misplaced. The PTO's rejection or amendment of any of the asserted claims will unavoidably impact the infringement analysis and its review of the claims will assist the Court during claim construction. *See, e.g., Evolutionary Intelligence, LLC v. Apple, Inc.*, 13-cv-04201 WHA, 2014 WL 93954 (N.D. Cal. Jan. 9, 2014) ("if one or more independent (or dependent) claims are cancelled, then this action would not need to proceed on the merits for those specific invalid claims. On the other hand, if no asserted claims are cancelled or modified, this action may nevertheless benefit from the PTAB's findings.").

### C. A stay would not unduly prejudice Evolutionary Intelligence

LivingSocial asserts that Evolutionary Intelligence will not suffer prejudice from a stay because it "is a non-practicing entity seeking monetary damages only; it has not and cannot seek

3

injunctive relief." Dkt. No. 82 at 8. In response, Evolutionary Intelligence asserts that its licensee, Incandescent, which owns Evolutionary Intelligence, "is currently developing a web browser product that will ultimately practice the technology of the asserted patents." Evolutionary Intelligence submits the declaration of Michael DeAngelo, sole inventor of the asserted patents, who likewise asserts that Incandescent "is currently developing a web browser product that will ultimately practice the technology of the asserted patents." Dkt. No. 90-5, ¶ 5.

The approximately 4,000 documents produced by Evolutionary Intelligence make no reference to any current or planned product development. *See* Dkt. No. 92 at 6. The Court accordingly rejects Evolutionary Intelligence's unsupported assertions that it is developing technology based on the asserted patents and will therefore be prejudiced by a stay. *See Evolutionary Intelligence LLC v. Yelp Inc*, 13-cv-03587 DMR, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) ("The unsupported assertion that Plaintiff intends to practice the Asserted Patents does not suffice to demonstrate that Plaintiff will be prejudiced by a stay because it will suffer harm in the marketplace.").

The Court also rejects Evolutionary Intelligence's argument that a stay would be prejudicial because its "business model" and "its ability to generate income . . . depends on its ability to prevent others from practicing the patented technology while Incandescent develops it." Dkt. No. 90-4 at 17. As noted above, there is no competent evidence that Incandescent is developing the technology. In any event, the PTO will review the validity of Evolutionary Intelligence's patents and Evolutionary Intelligence "should not be entitled to exclude others from practicing invalid claims." *Apple*, 2014 WL 93954.

The Court also rejects Evolutionary Intelligence's unsubstantiated and speculative argument that a stay would cause spoliation of evidence regarding LivingSocial's software. Judge Alsup recently rejected the same argument by Evolutionary Intelligence in opposition to Apple's motion to stay, noting:

> Evolutionary does not allege that spoliation has in fact occurred. Rather, Evolutionary alleges that Apple's source code is frequently modified as new versions are released, employees often leave Apple, and a stay of up to two years could harm Evolutionary's ability to obtain discovery because memories fade. This argument is

> untenable. Without specific evidence based on sworn testimony that spoliation has in fact occurred, a vague generalized "loss of evidence" argument is unpersuasive.

*Id.* at *3; *see also Yelp*, 2013 WL 6672451, *7 ("simply because a software product is updated does not mean that source code for previous versions is lost, and Plaintiff has no basis for an assertion to the contrary. Speculative assertions that evidence may be lost as a result of a stay pending reexamination are insufficient.").

Evolutionary Intelligence also argues that stay would be prejudicial because LivingSocial did not join in the petitions for review and will therefore not be estopped from relying on the prior art asserted in those proceedings. That may be true but that does not constitute undue prejudice under these facts. As Evolutionary Intelligence and LivingSocial are not competitors, staying this case will not cause Evolutionary Intelligence harm in the marketplace that cannot be compensated and, consequently, the cancellation, narrowing, or clarification of patent claims that will result from the *inter partes* review outweigh the purported prejudice to Evolutionary Intelligence. *See, e.g., Evolutionary Intelligence LLC v. FourSquare Labs, Inc.,* 13-cv-4203 MMC (N.D. Cal., January 14, 2014) (granting motion to stay where movant did not join in petitions and noting that "[t]he potential for delayed resolution of this case, by itself, cannot constitute undue prejudice where any alleged infringement may eventually be redressed by monetary damages alone").

Finally, the Court rejects Evolutionary Intelligence's assertion that a stay would be prejudicial because LivingSocial is in "dire financial straits" and may "implode" during pendency of the petitions. Evolutionary Intelligence does not cite any authority that the financial condition of the defendant is a relevant factor in the stay analysis. In any event, Evolutionary Intelligence's assertions are purely speculative.

## CONCLUSION

LivingSocial's motion to stay is GRANTED. This case is stayed pending a final decision by the PTO on the petitions for *inter partes* review. The parties shall file a joint status update on the *inter partes* review proceedings every six months from the date of this Order. Any party may file a motion to lift the stay at any time if the PTO decides not to grant any of the pending petitions.

5

1    Evolutionary Intelligence's motion to seal in connection with its opposition to the motion
2 to stay is GRANTED. Dkt. No. 90.
3 **IT IS SO ORDERED**.
4 Dated: January 17, 2014

_____
WILLIAM H. ORRICK
United States District Judge