GUTRIDE SAFIER LLP
Adam J. Gutride (State Bar No. 181446)
   adam@gutridesafier.com
Seth A. Safier (State Bar No. 197427)
   seth@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
   todd@gutridesafier.com
Anthony J. Patek (State Bar No. 228964)
   anthony@gutridesafier.com
Marie McCrary (State Bar No. 262670)
   marie@gutridesafier.com
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 789-6390
Facsimile:  (415) 449-6469

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>                         Plaintiff,<br><br>         v.<br><br>LIVINGSOCIAL INC.,<br><br>                         Defendant. | Case No. 3:13-cv-04205-WHO<br><br>**PLAINTIFF'S MOTION TO LIFT STAY AND REOPEN LITIGATION; MEMORANDUM IN SUPPORT THEREOF**<br><br>Date: June 11, 2014<br>Time: 2:00 P.M.<br>Hon. William H. Orrick<br>Courtroom 2, 17th Floor |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Table of Contents**

I.    INTRODUCTION ............................................................................................... 1

II.   BRIEF STATEMENT OF FACTS........................................................................ 2

III.  ARGUMENT ..................................................................................................... 3

   A.  THIS COURT HAS DISCRETION TO LIFT THE STAY ..................................... 3

   B.  THE INEVITABILITY OF LITIGATION FAVORS THE STAY .......................... 4

   C.  NO FURTHER SIMPLIFICATION OF ISSUES WILL OCCUR ......................... 5

   D.  A CONTINUED STAY WILL UNDULY PREJUDICE PLAINTIFFS ................. 7

   E.  LIFTING THE STAY WILL NOT PREJUDICE DEFENDANT........................... 9

IV.   CONCLUSION ................................................................................................. 10

**Cases**

*Cellectricon AB v. Fluxion Biosciences, Inc.*, No. 09-3150, 2011 WL 1557987 (N.D. Cal. Apr. 25, 2011) ........................................................................................ 3, 5

*Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, C 03-1431 SBA, 2007 WL 1655625  (N.D. Cal. June 7, 2007) ....................................................................... 8

*Imax Corp. v. In-Three, Inc.,* 385 F. Supp. 2d 1030 (C.D. Cal. 2005) ............................ 10

*Medicis Pharm. Corp. v. Acella Pharm. Inc.,* No. 10-1780 (D. Ariz. Feb. 9, 2011) (slip opinion) .................................................................................................... 7

*Phillips v AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) .................................................... 6

*Polymer Technologies, Inc. v. Bridwell*, 103 F.3d 970 (Fed. Cir. 1996) ........................... 9

*Purolite Int'l, Ltd. v. Rohm & Haas Co.*, CIV. A. 91-2740, 1992 WL 220976 (E.D. Pa. Sept. 4, 1992) .............................................................................................. 5

*Reflectone, Inc. v. Dalton*, 60 F.3d 1572 (Fed. Cir. 1995)............................................... 5

*Tesco Corp. v. Weatherford Int'l, Inc.*, 722 F. Supp. 2d 755 (S.D. Tex. 2010) .................. 7

*Tokuyama Corp. v. Vision Dynamics, LLC,* C 08-2781SBA, 2008 WL 4452118 (N.D. Cal. Oct. 3, 2008)................................................................................................. 4

*Viskase Corp. v. American Nat'l Can Co.,* 261 F.3d 1316 (Fed. Cir. 2001) ....................... 3

**Statutes**

35 U.S.C. § 271 ........................................................................................................... 8

**NOTICE OF MOTION AND MOTION**

On June 11, 2014, at 2:00 p.m., in Courtroom number 2, on the seventeenth floor of the United States District Court for the Northern District of California (San Francisco Division), Plaintiff Evolutionary Intelligence, LLC ("Evolutionary" or "Plaintiff") will and hereby does move, pursuant to this Court's January 17, 2014 Order, to lift the stay in this action and reopening litigation. This motion is based upon this Notice of Motion and Motion and Memorandum of Points and Authorities, the accompanying Declaration of Anthony J. Patek, as well as the pleadings and papers on file in this action and all matters of which this Court may take notice.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff Evolutionary Intelligence, LLC moves to lift the current stay and reopen this litigation.  This Court granted the stay pending the United States Patent and Trademark Office's ("USPTO") decision on eight petitions for *inter partes* review ("IPR"), stating that any party could move to lift the stay if any of the petitions were denied. (Dkt. # 96.) The USPTO has denied seven of the eight petitions, including both of the petitions for *inter partes* review of Evolutionary's U.S. patent No. 7,702,682 ("the '682 patent").  Of the six petitions requesting review of Evolutionary's U.S. patent No. 7,010,536 ("the '536 patent"), the USPTO granted only one petition, and only in part.

The main justification for the stay—simplification of issues by elimination of claims—is now gone.  It is certain that this litigation will resume, with few (if any) issues eliminated.  The patents at issue contain three sets of claims: search claims, time-based container claims, and location-based container claims.  Only a subset of claims related to location-based containers are being reviewed by the USPTO.  None of the search-related claims of the '682 patent are subject to IPR.  Nor are the independent claims related to

time-based containers (claims 1 and 15 of the '536 patent).  And even one location-based container claim (claim 13 of the '536 patent) has survived the eight petitions for IPR. Thus, even assuming that all claims currently subject to IPR are cancelled, this Court will still have to construe the terms of both patents and oversee discovery relating to all three groups of claims.  In view of the substantial amount of work before the Court, and the fact that this case must resume eventually, efficiency now dictates that the stay be lifted and the litigation reopened.

## II.   BRIEF STATEMENT OF FACTS

Evolutionary filed this suit against LivingSocial, Inc., along with eight other actions against defendants: Apple, Twitter, Yelp, Facebook, Millennial Media, Foursquare, Groupon, and Sprint. On October 22 and 23, 2013, four defendants in the parallel cases (Apple, Twitter, Yelp, and Facebook (collectively, "the Petitioners")) filed eight petitions for *inter partes* review of the patents-in-suit with the United States Patent and Trademark Office ("USPTO").

On February 28, 2014, the Court granted a motion by LivingSocial to stay this case. (Dkt. # 96.) In granting the stay, the Court found that (1) the litigation was at an early stage, *id.* at 3, (2) the USPTO's consideration of the claims would simplify issues for the Court, *id.*, and (3) Evolutionary would not be unduly prejudiced. (*Id.* at 3-4.) But the Court concluded with the statement that "[a]ny party may file a motion to lift the stay at any time if the PTO decides not to grant any of the pending petitions." (*Id.* at 5.)

On April 25 and 28, 2014, the USPTO denied seven of the petitions for IPR— including both petitions directed to the '682 patent—and granted one petition by Apple against the '536 patent *in part*.  (Decl. of Anthony Patek ("Patek Decl."), Exs. A-E, G-H.) The IPR in which trial has been instituted is No. 2014-00086.  It is based on a single patent, U.S. Patent No. 5,836,829 ("Gibbs").  The PTAB is reviewing claims 2-12, 14,

and 16 of the '536 patent. (*Id.*, ¶ 8.) Claims 1, 13, and 15 of the '536 patent are not under review. (*Id.*) No claims of the '682 patent are under review. (*Id.*)

In view of the seven denied petitions, the following fifteen claims are asserted against LivingSocial in Evolutionary's infringement contentions and *not subject to review*: '536 patent, claims 1, 13, and 15; '682 patent, claims 1, 3-7, 10-11, 14-16, 19, and 21. (Patek Decl., ¶ 11.) Only ten of the total (twenty-five) claims asserted against LivingSocial are subject to *inter partes* review, including claims 2-4, 7-9, 11-12, 14, and 16 of the '536 patent. (*Id.*)

The PTAB has issued a scheduling order in the one instituted IPR. (*Id.*, ¶12, Ex. I.) The Patent Owner's Response to the decision to institute trial and any motion to amend are due July 11, 2014. (*Id.*) The Petitioner's Reply to the Patent Owner's Response and Opposition to any motion to amend are due October 10, 2014. (*Id.*) Patent Owner's Reply to any opposition to a motion to amend is due November 7, 2014. (*Id.*) The date for oral argument is set for January 6, 2014. (*Id.*) A final written decision is expected no later than April 25, 2015. (*Id.*)

## III. ARGUMENT

### A. THIS COURT HAS DISCRETION TO LIFT THE STAY

The Court has broad discretion to enforce or lift a stay. *See Viskase Corp. v. American Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001) ("The court is not required to stay judicial resolution in view of reexaminations."); *Cellectricon AB v. Fluxion Biosciences, Inc.*, No. 09-3150, 2011 WL 1557987 at *2 (N.D. Cal. Apr. 25, 2011) (J. Whyte, lifting stay with respect to patent not taken under reexamination and severing claims arising under patents that were being reexamined). Moreover, this Court explicitly noted that any party could move for a lift of the stay if any of the petitions for IPR were denied, *see* Dkt. # 96 at 5, which indicates the stay was never intended to be immutable. As set forth below, the USPTO's denial of seven of the IPR petitions

drastically changes the balance of factors originally considered by this Court, favoring a lift of the stay.

## B. THE INEVITABILITY OF LITIGATION FAVORS THE STAY

Now that the parties and Court know this case will proceed irrespective of what happens in the one pending IPR, the early stage of discovery weighs against maintaining the stay because much necessary work is being delayed. In its motion for stay, LivingSocial argued that the IPRs "might eliminate the need for any litigation whatsoever." (Dkt. # 82 at 8.) That is no longer true. There is no chance this litigation will be eliminated by the IPRs.[1]

Whatever occurs in the lone IPR moving forward, all tasks associated with this patent litigation must be done eventually. Fairness and efficiency are better served by reopening the litigation. Putting off the inevitable is procrastination, *not* efficient use of Court resources. *See Tokuyama Corp. v. Vision Dynamics, LLC*, C 08-2781SBA, 2008 WL 4452118 at *4 (N.D. Cal. Oct. 3, 2008) (noting a stay is not justified when a reexamination cannot resolve all issues). By lifting the stay, discovery can be scheduled and accomplished by the time the one instituted IPR becomes final. Fact discovery will overlap substantially for the affirmed and reviewed claims of the '536 patent and can be completed now. Expert discovery and claim construction can proceed taking into account the IPR. Indeed, courts within this District have lifted stays in similar circumstances— i.e., where it was certain that the patents under review would return to the Court. *See, e.g., Cellectricon*, 2011 WL 1557987 at *2 (J. Whyte, lifting stay pending reexam where PTO had affirmed two of four asserted patents); *see also Purolite Int'l, Ltd. v. Rohm & Haas Co.*, CIV. A. 91-2740, 1992 WL 220976 at *1-2 (E.D. Pa. Sept. 4, 1992) (lifting stay where litigation was inevitable).

---

[1] Although Petitioners can still move for reconsideration, there is no evidence they will do so, and motions for reconsideration at the PTAB are usually denied.

1    At this point, the only two things that can bring this litigation to a conclusion are

2    judgment or settlement. Maintaining the stay will not move the parties closer to either of

3    those outcomes. Certainly, the Court moves no closer to a judgment by keeping the stay

4    in place. And while the stay is in place, defendants typically have no motivation to

5    discuss settlement because they can simply ride out the stay, getting a free extension on

6    any payment that may be due if they enter into a license agreement. *See, e.g.*, *Reflectone,*

7    *Inc. v. Dalton*, 60 F.3d 1572, 1582 (Fed. Cir. 1995) (noting perpetual delay of litigation

8    reduces incentive for settlement). Lifting the stay will force the parties to most efficiently

9    move the case toward final resolution. Thus, this factor weighs in favor of lifting the stay.

10   **C. NO FURTHER SIMPLIFICATION OF ISSUES WILL OCCUR**

11   Continuing the stay will not simplify this case further.  To the contrary, no claims

12   beyond those already under review will be eliminated (and if the Court wishes to simplify

13   the case based on the PTAB's preliminary ruling, it can sever the claims under review).

14   All claim terms that could be construed by the PTAB in the IPRs have been construed.

15   Further, the remaining PTAB proceedings are unlikely to shed additional light on claim

16   construction.  Moreover, the claims will be construed under an entirely different standard

17   in this Court proceeding than the PTAB's "broadest reasonable construction" standard,

18   meaning the PTAB's findings will not eliminate argument to this Court. *Compare Phillips*

19   *v AWH Corp.*, 415 F.3d 1303, 1316 (Fed. Cir. 2005) (reciting "broadest reasonable

20   construction" standard for reexamination), *with id*. at 1327 (noting maxim that claims

21   should be construed during litigation to sustain their validity).

22   Even if every claim under review were cancelled or disclaimed, the tasks

23   remaining before the Court would remain almost entirely the same. The Court will have

24   to construe all the "search claims" of the '682 patent. The claim terms subject to differing

25   constructions in the IPR petitions were "encapsulating"/"encapsulated," "register,"

26   "container," and "polling," All four terms have already been construed by the PTAB.

27

28

Although Evolutionary disagrees with the PTAB's constructions, the PTAB has nonetheless provided its opinion. And because "encapsulated"/"encapsulating" and "polling" do not appear in the '536 patent, those terms will not be considered any further by the PTAB.

This Court will also have to construe most terms of the '536 patent as well, since both time-based and space-based container claims remain. Most claim terms in the '536 patent are in independent claims 1 and 15. The only textual difference between the time-based claim 1 and space-based claim 2 is the substitution of "space" registers for "time" registers. Because the space-based container claim 13 is not under review in the IPRs, this Court will have to construe the space register claim terms (and any disputed terms in claims 1 and 2, on which claim 13 depends). The PTAB has also offered its constructions of all the distinct dependent claim limitations of the '536 patent, such as "user-created register," "system-defined register," "acquire register," in case those terms should are affirmed in the one instituted IPR, No. 2014-00086.

Nor will estoppel streamline this case, since LivingSocial is not subject to any estoppel. Even if it were, the USPTO's prompt and clear affirmation of every claim in the '682 patent, as well as three claims of the '536 patent, eliminates any policy in favor of a stay based on the possibility of estoppel. *See Medicis Pharm. Corp. v. Acella Pharm. Inc.,* No. 10-1780, slip op. at 2 (D. Ariz. Feb. 9, 2011) (noting policy against stays if reexam does not trigger estoppel); *Tesco Corp. v. Weatherford Int'l, Inc.*, 722 F. Supp. 2d 755, 763 (S.D. Tex. 2010) (noting simplification of issues is weaker where defendants are not estopped due to lack of participation in reexamination).

The only simplification the remaining IPR can (at best) offer at this point would be cancellation of the ten asserted claims under review. But statistics for *inter partes* reexaminations indicate that roughly half of *inter partes* reexaminations result in some claims surviving in amended or unamended form. (Patek Decl., ¶ 13, Ex. J.) Assuming that holds for IPRs as well, it is just as likely that some or all of the claims under review

will issue in amended or unamended form as it is that they will be cancelled.  In any event, the Court could sever the ten asserted claims under review until further action by the PTAB, while proceeding with the 15 asserted claims not being reviewed.  This would ensure that neither party was prejudiced by the additional passage of time. *See Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, C 03-1431 SBA, 2007 WL 1655625 at *5 (N.D. Cal. June 7, 2007) ("In the lengthy delay that would inevitably ensue if a stay were granted [pending reexamination], evidence could be lost and witnesses' memories could fade.").

Even if the claims under review do end up being cancelled, the pending IPR will not eliminate or even significantly streamline discovery.  Because at least one of each category of claims (search, time-based containers, space-based containers) have survived the IPRs, the parties will perform discovery on all three categories.  Because the time-based and space-based container claims are asserted against the same basic products and services, all of Evolutionary's document requests are still relevant.  The same LivingSocial employees will be deposed.  Even Evolutionary's interrogatories and requests for admission will be largely unchanged.  As a result, any discovery that is allowed to go forward will benefit this case's progress.  And if additional claims are returned to this case after conclusion of the IPRs, the discovery that the parties will have accomplished will be relevant to those claims as well.  Even if additional discovery is required, it will be more efficient to gather the bulk of evidence now and allow supplemental discovery later in the case than it would be to procrastinate until April 2015 before starting any discovery.

### D.  A CONTINUED STAY WILL UNDULY PREJUDICE PLAINTIFFS

This Court previously ruled that the stay dies not unduly prejudice Evolutionary.  Evolutionary respectfully asks the Court to reconsider this finding. A continued stay unduly prejudices Plaintiff's right to enforce its patents, particularly the '682 patent and

the three claims of the '536 that are not under review.  These claims will return to the Court in valid and unamended form. Plaintiff filed its original complaint on October 23, 2012. (Dkt. # 1.) Since that time, Plaintiff has obtained no infringement discovery, while LivingSocial has continued to unlawfully make and sell infringing products.

Delaying the resolution of this case effectively provides a license to LivingSocial to continue its infringement. By maintaining the temporary stay, LivingSocial would effectively prevent Evolutionary from enforcing its affirmed claims. Plaintiff should be allowed to enforce the statutory right to exclude others from the market for the patented systems and methods.  *See Polymer Technologies, Inc. v. Bridwell*, 103 F.3d 970, 976 (Fed. Cir. 1996) ("The right to exclude others from a specific market, no matter how large or small that market, is an essential element of the patent right."); *see also* 35 U.S.C. § 271 ("whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."). Plaintiff is deprived of those rights while the stay remains in place.

Evolutionary also reiterates its concern that employee turnover and/or financial difficulties at LivingSocial could result in loss of evidence.  As noted previously, LivingSocial closed its New York and Seattle offices in 2013. (Dkt. # 90 at 3; Dkt. # 90-26.) The company recorded a loss of $25 million in the third quarter of 2013. (Dkt. # 90-27.) Although LivingSocial recently reported a profit, analysts have decried that profit as "accounting alchemy" used to hide an actual $22M loss. (Patek Decl., Ex. K.) Evolutionary's analysis of LivingSocial's employee lists indicates that a significant percentage of employees identified in LivingSocial's venue-related production had left the company in January when the motion for stay was first considered. (Dkt. # 90-1 at 15; Dkt. ## 90-23–90-25.)

But even if the Court disagrees, Evolutionary notes that the absence of prejudice against Evolutionary is not, in itself, a real justification for maintaining the stay. Rather,

1  undue prejudice is primarily examined to determine whether it is inequitable to

2  implement a stay.  Even if the stay is not inequitable, the simple fact remains that the

3  other factors now weigh in favor of proceeding with the case because the case will

4  inevitably proceed on the majority of asserted claims.

5  **E. LIFTING THE STAY WILL NOT PREJUDICE DEFENDANT**

6  LivingSocial has enjoyed a stay in this case despite not participating in the IPR

7  petitions and never having proven undue hardship or inequity in the absence of a stay.

8  *Imax Corp. v. In-Three, Inc.,* 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005) ("The

9  suppliant for a stay must make out a clear case of hardship or inequity in being required

10 to go forward, if there is even a fair possibility that the stay for which he prays will work

11 damage to someone else.") (internal citations omitted). LivingSocial has not established

12 any facts that would support a finding of undue hardship or inequity on its part were this

13 case to move forward. The only harm that LivingSocial has even pled is the cost of

14 litigation. (Dkt. # 82 at 1) (citing waste of party resources). Yet LivingSocial argued in its

15 motion to stay that monetary harm to Evolutionary is not sufficient to defeat a stay. (Dkt.

16 # at 8.) LivingSocial provides no explanation why monetary damage to LivingSocial

17 should favor maintaining a stay, yet monetary damage to LivingSocial is irrelevant. The

18 damage that LivingSocial is imposing on Evolutionary by its continued infringement of

19 the valid patent claims outweighs any burden on LivingSocial associated with discovery

20 or trial preparation.

1

**IV.  CONCLUSION**

2

     In view of the above, Evolutionary requests the Court lift the stay ordered on

3

January 17, 2014 in this case.  In the alternative, Evolutionary asks the Court to lift the

4

stay with respect to claims not currently under review in IPR 2014-00086 and sever

5

claims 2-4, 7-9, 11-12, and 16 of the '536 patent pending a final written decision in that

6

IPR.

7

8

                                           Respectfully,

9

Date:  May 14, 2014                   */s/ Anthony J. Patek*

10

                                   Anthony J. Patek
                                   Gutride Safier LLP

11

                                   835 Douglass Street
                                   San Francisco, California 94114

12

                                   Telephone: (415) 639-9090
                                   anthony@gutridesafier.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served today on all counsel who have consented to electronic service. *See* Local Rule CV-5(a)(3)(A).

Executed on **May 14, 2014**                         */s/ Anthony J. Patek*

                                                                          Anthony J. Patek