# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

**NOTICE OF ENTRY OF
JUDGMENT ACCOMPANIED BY OPINION**

OPINION FILED AND JUDGMENT ENTERED: 02/17/2017

The attached opinion announcing the judgment of the court in your case was filed and judgment was entered on the date indicated above. The mandate will be issued in due course.

Information is also provided about petitions for rehearing and suggestions for rehearing en banc. The questions and answers are those frequently asked and answered by the Clerk's Office.

Costs are taxed against the appellant in favor of the appellee under Rule 39. The party entitled to costs is provided a bill of costs form and an instruction sheet with this notice.

The parties are encouraged to stipulate to the costs. A bill of costs will be presumed correct in the absence of a timely filed objection.

Costs are payable to the party awarded costs. If costs are awarded to the government, they should be paid to the Treasurer of the United States. Where costs are awarded against the government, payment should be made to the person(s) designated under the governing statutes, the court's orders, and the parties' written settlement agreements. In cases between private parties, payment should be made to counsel for the party awarded costs or, if the party is not represented by counsel, to the party pro se. Payment of costs should not be sent to the court. Costs should be paid promptly.

If the court also imposed monetary sanctions, they are payable to the opposing party unless the court's opinion provides otherwise. Sanctions should be paid in the same way as costs.

Regarding exhibits and visual aids: Your attention is directed Fed. R. App. P. 34(g) which states that the clerk may destroy or dispose of the exhibits if counsel does not reclaim them within a reasonable time after the clerk gives notice to remove them. (The clerk deems a reasonable time to be 15 days from the date the final mandate is issued.)

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

cc: Christopher C. Campbell
Eric P. Carnevale
Reuben Ho-Yen Chen
Jeffrey M. Connor
Nathan K. Cummings
Jeffrey E. Danley
Thomas Lee Duston
Tron Y. Fu
Jay E. Heidrick
Heidi Lyn Keefe
Todd Kennedy
Patrick E. King
Steven Moore

Karen Zelle Morris
Anthony Jude Patek
William Joseph Seymour
Jordan Adam Sigale
Craig Robert Smith
Mark R. Weinstein
Elizabeth Heather White

16-1188 - Evolutionary Intelligence LLC v. Sprint Nextel Corporation
United States District Court for the Northern District of California, Case No. 5:13-cv-04513-RMW, 5:13-cv-04201-RMW, 5:13-cv-04202-RMW, 5:13-cv-04203-RMW, 5:13-cv-04204-RMW, 5:13-cv-04205-RMW, 5:13-cv-04206-RMW, 5:13-cv-04207-RMW, 5:13-cv-03587-RMW

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EVOLUTIONARY INTELLIGENCE LLC,**
*Plaintiff-Appellant*

v.

**SPRINT NEXTEL CORPORATION, SPRINT COMMUNICATIONS COMPANY, L.P., SPRINT SPECTRUM L.P., SPRINT SOLUTIONS, INC., APPLE INC., FACEBOOK INC., FOURSQUARE LABS, INC., GROUPON, INC., LIVINGSOCIAL, INC., MILLENNIAL MEDIA, INC., TWITTER, INC., YELP, INC.,**
*Defendants-Appellees*

---

2016-1188, 2016-1190, 2016-1191, 2016-1192, 2016-1194, 2016-1195, 2016-1197, 2016-1198, 2016-1199

---

Appeals from the United States District Court for the Northern District of California in Nos. 5:13-cv-03587-RMW, 5:13-cv-04201-RMW, 5:13-cv-04202-RMW, 5:13-cv-04203-RMW, 5:13-cv-04204-RMW, 5:13-cv-04205-RMW, 5:13-cv-04206-RMW, 5:13-cv-04207-RMW, 5:13-cv-04513-RMW, Senior Judge Ronald M. Whyte.

---

Decided: February 17, 2017

TODD KENNEDY, Gutride Safier LLP, San Francisco, CA, argued for plaintiff-appellant.

HEIDI LYN KEEFE, Cooley LLP, Palo Alto, CA, argued for all defendants-appellees. Defendant-appellee Facebook Inc. also represented by REUBEN HO-YEN CHEN, MARK R. WEINSTEIN.

JAY E. HEIDRICK, Polsinelli PC, Kansas City, MO, for defendants-appellees Sprint Nextel Corporation, Sprint Communications Company, L.P., Sprint Spectrum L.P., Sprint Solutions, Inc. Also represented by KAREN ZELLE MORRIS, St. Louis, MO.

PATRICK E. KING, Simpson Thacher & Bartlett, LLP, Palo Alto, CA, for defendant-appellee Apple Inc. Also represented by ELIZABETH HEATHER WHITE; JEFFREY E. DANLEY, SEED Intellectual Property Law Group, PLLC, Seattle, WA.

CRAIG ROBERT SMITH, Lando & Anastasi, LLP, Cambridge, MA, for defendant-appellee Foursquare Labs, Inc. Also represented by ERIC P. CARNEVALE.

THOMAS LEE DUSTON, Marshall, Gerstein & Borun LLP, Chicago, IL, for defendants-appellees Groupon, Inc., LivingSocial, Inc. Also represented by TRON Y. FU.

CHRISTOPHER C. CAMPBELL, Cooley LLP, Reston, VA, for defendant-appellee Millennial Media, Inc. Also represented by NATHAN K. CUMMINGS.

STEVEN MOORE, Kilpatrick Townsend & Stockton LLP, San Francisco, CA, for defendants-appellees Twitter, Inc., Yelp, Inc.

———————

Before LOURIE, MOORE, and TARANTO, *Circuit Judges.*

LOURIE, *Circuit Judge*.

Evolutionary Intelligence, LLC ("EI") appeals from the decision of the United States District Court for the Northern District of California, concluding that all claims of U.S. Patents 7,010,536 ("the '536 patent") and 7,702,682 ("the '682 patent") (collectively, "the asserted patents") are invalid under 35 U.S.C. § 101. *See Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, 137 F. Supp. 3d 1157 (N.D. Cal. 2015) ("*Decision*").

EI owns the asserted patents, which have the same written description and are directed to systems and methods for allowing computers to process data that are dynamically modified based upon external-to-the-device information, such as location and time. *See, e.g.*, '536 patent Abstract.

EI sued Sprint Nextel Corporation and the other Appellees (collectively, "Sprint") for infringement of the asserted patents. The district court granted Sprint's motion to dismiss EI's complaint and for judgment on the pleadings, concluding that all claims of the asserted patents are invalid under § 101 as being directed to the abstract idea of "searching and processing containerized data." The court held that the invention merely computerizes "age-old forms of information processing," such as those used in "libraries, businesses, and other human enterprises with folders, books, time-cards, ledgers, and so on." *Decision*, 137 F. Supp. 3d at 1165.

EI timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1). On appeal, EI argues that the claims are patent eligible because: (1) they are not directed to an abstract idea, but rather to an improvement in the functioning of the computer itself; and (2) even if they were directed to an abstract idea, they are patent eligible as containing an inventive concept because they recite a specific arrangement of particular structures, operating in a specific way.

4        EVOLUTIONARY INTELLIGENCE, LLC v. SPRINT NEXTEL CORP.

We disagree on both accounts.  First, the claims at issue here are directed to an abstract idea.  We have held that "tailoring of content based on information about the user—such as where the user lives or what time of day the user views the content—is an abstract idea." *Affinity Labs of Texas, LLC v. Amazon.com Inc.*, 838 F.3d 1266, 1271 (Fed. Cir. 2016) (describing *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1369 (Fed. Cir. 2015)); *see Elec. Power Group, LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016) ("collecting information, including when limited to particular content," is "within the realm of abstract ideas").  The claims are unlike those in *Enfish, LLC v. Microsoft Corp.*, where "the plain focus of the claims" was on "an improvement to the computer functionality itself," 822 F.3d 1327, 1336 (Fed. Cir. 2016), *i.e.*, "a specific improvement—a particular database technique—in how computers could carry out one of their basic functions of storage and retrieval of data," regardless of subject matter or the use to which that functionality might be put, *Elec. Power*, 830 F.3d at 1354 (describing *Enfish*).  Here, the claims are directed to selecting and sorting information by user interest or subject matter, a longstanding activity of libraries and other human enterprises.

Second, the claims lack an inventive concept to transform the abstract idea into a patent-eligible invention.  EI does not dispute that merely using a computer is not enough.  Moreover, EI conceded that "containers," "registers," and "gateways" are "conventional and routine" structures.  *See Decision*, 137 F. Supp. 3d at 1167.  Whether analyzed individually or as an ordered combination, the claims recite those conventional elements at too high a level of generality to constitute an inventive concept.  *See, e.g., BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350, 1352 (Fed. Cir. 2016) (finding claims patent eligible where they "recite a specific, discrete implementation of the abstract idea," in

EVOLUTIONARY INTELLIGENCE, LLC v. SPRINT NEXTEL CORP.    5

contrast to implementing the abstract idea "on generic computer components, without providing a specific technical solution beyond simply using generic computer concepts in a conventional way").

We have considered EI's remaining arguments, but find them to be unpersuasive. For the foregoing reasons, we affirm the judgment of the district court.

## AFFIRMED

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

*Questions and Answers*

**Petitions for Rehearing (Fed. Cir. R. 40)
and
Petitions for Hearing or Rehearing En Banc (Fed. Cir. R. 35)**

---

*Q. When is a petition for rehearing appropriate?*

A. Petitions for panel rehearing are rarely successful because they most often fail to articulate sufficient grounds upon which to grant them. For example, a petition for panel rehearing should not be used to reargue issues already briefed and orally argued; if a party failed to persuade the court on an issue in the first instance, a petition for panel rehearing should not be used as an attempt to get a second "bite at the apple." This is especially so when the court has entered a judgment of affirmance without opinion under Fed. Cir. R. 36.  Such dispositions are entered if the court determines the judgment of the trial court is based on findings that are not clearly erroneous, the evidence supporting the jury verdict is sufficient, the record supports the trial court's ruling, the decision of the administrative agency warrants affirmance under the appropriate standard of review, or the judgment or decision is without an error of law.

*Q. When is a petition for hearing or rehearing en banc appropriate?*

A. En banc decisions are extraordinary occurrences. To properly answer the question, one must first understand the responsibility of a three-judge merits panel of the court. The panel is charged with deciding individual appeals according to the law of the circuit as established in the court's precedential opinions. While each merits panel is empowered to enter precedential opinions, the ultimate duty of the court en banc is to set forth the law of the Federal Circuit, which merit panels are obliged to follow.

Thus, as a usual prerequisite, a merits panel of the court must have entered a precedential opinion in support of its judgment for a suggestion for rehearing en banc to be appropriate. In addition, the party seeking rehearing en banc must show that either the merits panel has failed to follow identifiable decisions of the U.S. Supreme Court or Federal Circuit precedential opinions or that the merits panel has followed circuit precedent, which the party seeks to have overruled by the court en banc.

*Q. How frequently are petitions for rehearing granted by merits panels or petitions for rehearing en banc accepted by the court?*

A. The data regarding petitions for rehearing since 1982 shows that merits panels granted some relief in only three percent of the more than 1900 petitions filed. The relief granted usually involved only minor corrections of factual misstatements, rarely resulting in a change of outcome in the decision.

En banc petitions were accepted less frequently, in only 16 of more than 1100 requests. Historically, the court itself initiated en banc review in more than half (21 of 37) of the very few appeals decided en banc since 1982. This sua sponte, en banc review is a by-product of the court's practice of circulating every precedential panel decision to all the judges of the Federal Circuit before it is published. No count is kept of sua sponte, en banc polls that fail to carry enough judges, but one of the reasons that virtually all of the more than 1100 petitions made by the parties since 1982 have been declined is that the court itself has already implicitly approved the precedential opinions before they are filed by the merits panel.

*Q. Is it necessary to have filed either of these petitions before filing a petition for certiorari in the U.S. Supreme Court?*

A. No. All that is needed is a final judgment of the Court of Appeals. As a matter of interest, very few petitions for certiorari from Federal Circuit decisions are granted. Since 1982, the U.S. Supreme Court has granted certiorari in only 31 appeals heard in the Federal Circuit.  Almost 1000 petitions for certiorari have been filed in that period.

October 20, 2016

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## INFORMATION SHEET

## FILING A PETITION FOR A WRIT OF CERTIORARI

There is no automatic right of appeal to the Supreme Court of the United States from judgments of the Federal Circuit. You must file a petition for a writ of certiorari which the Supreme Court will grant only when there are compelling reasons. (See Rule 10 of the Rules of the Supreme Court of the United States, hereinafter called Rules.)

**Time.** The petition must be filed in the Supreme Court of the United States within 90 days of the entry of judgment in this Court or within 90 days of the denial of a timely petition for rehearing. The judgment is entered on the day the Federal Circuit issues a final decision in your case. [The time does not run from the issuance of the mandate, which has no effect on the right to petition.] (See Rule 13 of the Rules.)

**Fees.** Either the $300 docketing fee or a motion for leave to proceed in forma pauperis with an affidavit in support thereof must accompany the petition. (See Rules 38 and 39.)

**Authorized Filer.** The petition must be filed by a member of the bar of the Supreme Court of the United States or by the petitioner representing himself or herself.

**Format of a Petition.** The Rules are very specific about the order of the required information and should be consulted before you start drafting your petition. (See Rule 14.) Rules 33 and 34 should be consulted regarding type size and font, paper size, paper weight, margins, page limits, cover, etc.

**Number of Copies.** Forty copies of a petition must be filed unless the petitioner is proceeding in forma pauperis, in which case an original and ten copies of the petition for writ of certiorari and of the motion for leave to proceed in forma pauperis. (See Rule 12.)

**Where to File.** You must file your documents at the Supreme Court.

**Clerk**
**Supreme Court of the United States**
**1 First Street, NE**
**Washington, DC 20543**
**(202) 479-3000**

No documents are filed at the Federal Circuit and the Federal Circuit provides no information to the Supreme Court unless the Supreme Court asks for the information.

**Access to the Rules.** The current rules can be found in Title 28 of the United States Code Annotated and other legal publications available in many public libraries.

Revised December 16, 1999