1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

EVOLUTIONARY INTELLIGENCE, LLC,

8

Plaintiff,

9

v.

10

SPRINT NEXTEL CORPORATION, et al.,

11

Defendants.

12
13
14

AND RELATED ACTIONS

Case Nos.  13-04513, 13-04201, 13-04202, 13-04203, 13-04204, 13-04205, 13-04206, 13-04207, 13-03587

**ORDER DENYING MOTION TO VACATE JUDGMENT**

Re: Dkt. No. 239

15      Before the court is plaintiff Evolutionary Intelligence, LLC's ("EI") motion for relief

16 from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).  The matter is fully

17 briefed and suitable for decision without oral argument.  Having read the parties' papers

18 and carefully considered their arguments and the relevant legal authority, and good

19 cause appearing, the court hereby rules as follows.

20                                    **BACKGROUND**

21      EI filed nine separate patent infringement actions, including this one, on October

22 17, 2012.  On July 28, 2014, Judge Whyte related eight of those cases to Evolutionary

23 Intelligence, LLC v. Sprint Nextel Corporation et al., No. 5:13-cv-4513.  Dkt. No. 159.[1]

24      On October 6, 2015, Judge Whyte dismissed and entered judgment in all nine of

25 plaintiff's patent infringement actions, holding that the two patents-in-suit were invalid

26 under 35 U.S.C. § 101: "[T]he court finds that both patents fail to claim patent-eligible

27 _____

28 [1] ECF citations are to the docket in Evolutionary Intelligence, LLC v. Sprint Nextel Corp. et al., Case No. 13-4513.

1  subject matter, and GRANTS defendants' motion to dismiss and for judgment [of

2  invalidity] on the pleadings."  Dkt. No. 225 at 9; see Dkt. No. 226.[2]

3        EI's subsequent appeal to the Federal Circuit argued that the determination of

4  patentable subject matter under § 101 depended on factual issues that should not have

5  been decided on the pleadings.  On February 17, 2017, the Federal Circuit affirmed

6  Judge Whyte's order in all respects.  Dkt. No. 234 (Evolutionary Intelligence LLC v. Sprint

7  Nextel Corp., 677 F. App'x 679, 680-81 (Fed. Cir. 2017) ("EI")).  EI subsequently

8  petitioned for rehearing en banc and for certiorari to the Supreme Court, but to no avail.

9  See Evolutionary Intelligence LLC v. Sprint Nextel Corp., 138 S. Ct. 521 (Dec. 4, 2017)

10 (denying petition for certiorari).

11       On December 29, 2018, EI filed a motion to vacate judgment pursuant to Federal

12 Rule of Civil Procedure 60(b)(6).  Dkt. No. 239.[3]  EI premises its motion on a purported

13 intervening change in § 101 law caused by the Federal Circuit's February 2018 decisions

14 in Berkheimer v. HP Inc., 881 F.3d 1360 (Fed. Cir. 2018) and Aatrix Software, Inc. v.

15 Green Shades Software, Inc., 882 F.3d 1121 (Fed. Cir. 2018) (together with Berkheimer,

16 "Berkheimer-Aatrix").  EI contends that by way of those decisions the Federal Circuit

17 adopted, as controlling precedent, the position for which EI pressed throughout its case—

18 namely, that § 101 determinations involve questions of fact.  According to EI, that

19 purported change of law (and the other supposed extraordinary circumstances of EI's

20 case) warrants vacating judgment pursuant to Rule 60(b)(6).

**DISCUSSION**

21

22 **A.    Legal Standard**

23       Rule 60(b) provides for relief from judgment for the following reasons: (1) mistake,

24

25 ―――――――――――――――
   [2] Some of the defendants in the related actions moved to dismiss under Federal Rule of
26 Civil Procedure 12(b) and others moved under 12(c).

27 [3] On the same day, EI filed a motion to consolidate the nine related actions for the sole
   purpose of resolving EI's motion for relief from judgment.  In a concurrently filed order,
   this court denied that motion, reassigned the related actions to the undersigned, and
28 determined that this court's order on the present motion would apply to all related cases.

inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. <u>See</u> Fed. R. Civ. P. 60(b). The Ninth Circuit has "cautioned against the use of provisions of Rule 60(b) to circumvent the strong public interest in [the] timeliness and finality of judgments." <u>Phelps v. Alameida</u>, 569 F.3d 1120, 1135 (9th Cir. 2009) (internal quotation marks omitted; addition in original). With respect to Rule 60(b)(6), the Supreme Court "require[s] a movant . . . to show 'extraordinary circumstances' justifying the reopening of a final judgment." <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 535 (2005).

The Federal Circuit has explained that "[g]enerally, in reviewing rulings under Rule 60(b), we defer to the law of the regional circuit in which the district court sits because such rulings commonly involve procedural matters that are not unique to patent law." <u>Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp.</u>, 12 F.3d 1080, 1082 (Fed. Cir. 1993). That deference, however, is not warranted when a "district court's Rule 60(b) ruling turns on substantive matters that are unique to patent law." <u>Id.</u> at 1083. Accordingly, this court applies Ninth Circuit law to procedural questions and Federal Circuit law to substantive matters unique to patent law, if any such questions arise.

**B.     Analysis**

As noted above, plaintiff's Rule 60(b)(6) motion is predicated on a purported intervening change of law. True, in certain circumstances, an intervening change of law, coupled with additional case-specific facts, can constitute "extraordinary circumstances" and warrant relief under that subsection. <u>See Phelps</u>, 569 F.3d at 1134-40 (analyzing six factors courts might consider when faced with an intervening change of law in habeas-related cases).[4] Under that theory, however, Rule 60(b)(6) relief is not warranted unless

---

[4] Because the court finds that no change of law has occurred, it does not reach the issue of whether <u>Phelps</u> applies beyond the scope of habeas-related actions. <u>See Phelps</u>, 569 F.3d at 1135, 1135 n.19 (the court "express[es] no opinion on the[ ] [factors] applicability

the movant makes the predicate showing that a relevant change in law has actually occurred.[5]  The court finds that no such change has occurred and, accordingly, DENIES plaintiff's motion.

First, plaintiff fails to explain why this court should give more credence to the three-judge panels in <u>Berkheimer</u> and <u>Aatrix</u> than the three-judge panel that considered and affirmed Judge Whyte's order dismissing <u>this action</u>.  Even assuming that <u>Berkheimer-Aatrix</u> espoused a legal principle contrary to that which was applied by the <u>EI</u> panel—an assumption that this court does not endorse—plaintiff has provided no basis for this court to ignore the Federal Circuit's controlling decision issued in this action in favor of <u>Berkheimer-Aatrix</u>.  All three appeals were decided by similarly positioned three-judge panels.  And neither <u>Berkheimer</u> nor <u>Aatrix</u> mentions <u>EI</u>, much less claims to undermine the <u>EI</u> panel's conclusion.  Indeed, two of the three judges on both the <u>Aatrix</u> and <u>Berkheimer</u> panels had, just one year earlier, issued the <u>EI</u> decision affirming judgment in this very action.  <u>Aatrix</u>, 882 F.3d at 1123 (Moore, J., Reyna, J., Taranto, J.); <u>Berkheimer</u>, 881 F.3d at 1362 (Moore, J.; Taranto, J.; Stoll, J.); <u>EI</u>, 677 F. App'x at 679 (Lourie, J., Moore, J., Taranto, J.).  Plaintiff has offered no reason to think that those judges have now (silently and within one year) turned from their prior decision.

Relatedly, and second, the panel decisions in <u>Berkheimer</u> and <u>Aatrix</u> could not have overruled the Federal Circuit's prior § 101 jurisprudence.  That is because in the Federal Circuit only an en banc decision may overrule prior precedent.  Fed. Cir. Internal Operating Procedure #13(1) ("En banc consideration is required to overrule a prior holding of this or a predecessor court expressed in an opinion having precedential status").  The Ninth Circuit follows the same rule.  <u>See Miller v. Gammie</u>, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc) ("a three-judge panel may not overrule a prior decision of the court" unless higher authority "undercut[s] the theory or reasoning underlying the

---

vel non beyond the scope of habeas corpus.").

[5] Plaintiff does not contend that its motion could succeed without it showing that <u>Berkheimer-Aatrix</u> changed the law.

prior circuit precedent in such a way that the cases are clearly irreconcilable.").[6]

Third, the Federal Circuit itself has stated that <u>Berkheimer-Aatrix</u> did not change the law or otherwise undermine prior Federal Circuit decisions. In fact, far from undermining or overruling any prior Federal Circuit decisions, the three-judge panel in <u>Berkheimer</u> emphasized that "[n]othing in this decision should be viewed as casting doubt on the propriety of those cases"—like <u>EI</u>—"resolved on motions to dismiss or summary judgment." <u>Berkheimer</u>, 881 F.3d at 1368. Similarly, the Federal Circuit's plurality opinion denying en banc review described <u>Berkheimer</u> and <u>Aatrix</u> as "stand[ing] for [an] unremarkable proposition" and reiterated <u>Berkheimer</u>'s pronouncement that it should not "be viewed as casting doubt on the propriety" of the Federal Circuit's prior decisions. <u>Berkheimer v. HP Inc.</u>, 890 F.3d 1369, 1370, 1373 (Fed. Cir. 2018) (collecting post-<u>Berkheimer-Aatrix</u> Federal Circuit decisions that concluded, on the pleadings or at summary judgment, that claims were not patent eligible). The court is not persuaded that it should ignore both <u>Berkheimer</u>'s own conclusion—reached by two judges serving on the <u>EI</u> panel—and the Federal Circuit's en banc conclusion about <u>Berkheimer-Aatrix</u>'s effect on prior Federal Circuit decisions and on the Federal Circuit's § 101 jurisprudence.

In light of the above, this court takes the Federal Circuit at its word and concludes, consistent with the Federal Circuit's internal operating procedure, that <u>Berkheimer</u> and <u>Aatrix</u> do not constitute an intervening change of law sufficient to support plaintiff's Rule 60(b)(6) motion. Accordingly, the court finds that plaintiff has failed to show "'extraordinary circumstances' justifying the reopening of a final judgment." <u>See</u> <u>Gonzalez</u>, 545 U.S. at 535.

/ / / /

/ / / /

/ / / /

---

[6] Plaintiff does not contend that the <u>EI</u> panel's decisions was contrary to the then-law of the circuit or that the panel incorrectly applied Federal Circuit precedent. Further, this court could not grant plaintiff relief under either of those theories.

**CONCLUSION**

In accordance with the foregoing, plaintiff's motion to vacate judgment pursuant to Rule 60(b)(6) is DENIED.

**IT IS SO ORDERED.**

Dated: April 11, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge